This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Lonnie Harris appeals from a judgment of the Lorain County Court of Common Pleas that denied his petition for post-conviction relief. This Court affirms the trial court's judgment.
On May 18, 1992, Harris entered a plea of guilty to the offenses of forgery and receiving stolen property with a prior offense of violence specification attached to each offense. Prior to sentencing, he moved to withdraw his guilty plea, but the trial court denied his motion. On July 21, 1992, the trial court sentenced Harris to concurrent terms of imprisonment of two to five years on each offense, but suspended the sentence. The court placed Harris on probation for a period of three years and ordered that he serve the first ninety days in the Lorain County Jail. Before the expiration of his three-year probationary term, the state commenced proceedings to revoke Harris's probation.[1]
On August 19, 1996, the trial court found Harris to be in violation of the conditions of his probation and reimposed the original sentence of incarceration.
On January 22, 1998, Harris filed a "motion for modification of sentence" in the trial court, contending that he was constitutionally entitled to modification of his sentence pursuant to the new sentencing guidelines enacted in Senate Bill 2. The trial court denied his motion without a hearing. Harris appeals.
Harris challenges the trial court's denial of his motion. Although Harris did not caption his motion a "petition for post-conviction relief," because his motion was filed after the time for his direct appeal and sought vacation of his sentence on the basis of an alleged violation of his constitutional rights, this Court must construe it as one. State v. Reynolds (1997),79 Ohio St.3d 158, syllabus.
The time for filing a petition for post-conviction relief is set forth in amended R.C. 2953.21(A)(2), as effective September 21, 1995. Generally, where no appeal was filed from the conviction, the petition for post-conviction relief must be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." Id. Given the current statutory time limit, Harris's petition would have been due during early 1993. Although his petition was not filed until several years later, the general time limit of amended R.C. 2953.21(A)(2) did not apply to him because he was convicted prior its effective date. See, e.g., State v. Hilton (Oct. 29, 1997), Summit App. No. 18447, unreported, at 3-4. Petitioners convicted prior to the effective date of the amendment were given until September 21, 1996 to timely file their first petition for post-conviction relief. Id. Harris, however, did not file his petition until sixteen months after that date. His petition for post-conviction relief, therefore, was not timely filed.
R.C. 2953.23 governs untimely petitions for post-conviction relief. Under that statute, a trial court is forbidden to entertain an untimely petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the deadline for timely filing his petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty (or, if applicable, would not have found him eligible for the death penalty) but for constitutional error at trial. See R.C. 2953.23(A).
A review of Harris's petition reveals that he did not meet either of the criteria of R.C. 2953.23(A). Harris (1) neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his petition, nor showed that any rulings by the United States Supreme Court subsequent to the deadline for timely filing his petition recognized a new federal or state right that applied to him; and (2) failed to show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Because Harris's petition did not meet the criteria under R.C. 2953.23(A), the trial court correctly denied it. Harris's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR
[1] It is unclear from the record exactly when these proceedings commenced.